IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RAHAL INTERNATIONAL, INC., an Illinois corporation, | )<br>)<br>) |
| Plaintiff, | )<br>) Case No. |
| v. | )<br>) |
| NATIONAL FRUIT PRODUCT COMPANY, INCORPORATED, a Virginia corporation, | )<br>)<br>) |
| Defendant. | ) |

## COMPLAINT

NOW COMES Plaintiff, Rahal International, Inc. ("Rahal"), and for its Complaint against Defendant National Fruit Product Company, Incorporated ("NFP"), states as follows:

**I.  NATURE OF THE ACTION**

1. This action arises out of NFP's failure to pay Rahal's invoices for fruit concentrate and puree shipments.

**II.  PARTIES**

2. Rahal is an Illinois corporation with its principal place of business in Oak Brook, Illinois.

3. NFP is a Virginia corporation with its principal place of business in Berryville, Virginia.

**III.  JURISDICTION AND VENUE**

4. This Court has jurisdiction over the parties pursuant to 28 U.S.C. §1332 because Rahal is a citizen of Illinois, NFP is a citizen of Virginia, and the amount-in-controversy is at least $75,000.

5. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. §1391(b)(2) because NFP's acts and omissions giving rise to this action occurred in this district.

## IV. FACTS

6. For more than 40 years, Rahal has been an importer and broker of fruit juices, concentrates, purees, and natural colors and sugars.

7. NFP is a processor of apple related products, including apple cider vinegar.

8. NFP buys apple concentrate and purees from Rahal.

9. The sales process begins with NFP sending Rahal an email order requesting a certain type and quantity of juice concentrate or puree.

10. Rahal responds to NFP's orders with a confirmatory order and invoice, both of which contain the price of the concentrate or puree ordered by NFP.

11. If there are any issues with a shipment, the Rahal invoices require NFP to make a claim within 15 days of receiving the shipment. Additionally, the invoices require NFP to pay the invoice within 120 days of receiving it.

12. By issuing its orders, accepting the Rahal shipments, and retaining the Rahal invoices without making a claim against the shipments or objecting to the prices, NFP agrees to pay Rahal the prices in the invoices.

13. However, NFP has failed to pay Rahal's invoices since June of 2022.

14. Attached as Exhibit 1 is a Summary Chart of all transactions between Rahal and NFP in which NFP has failed to pay a Rahal invoice within 120 days. Specifically, for each transaction, the Summary Chart identifies the (a) NFP order by an internal number assigned by NFP, as well as the approximate date that NFP (b) placed its order, (c) accepted the shipment, (d)

received the invoice, and the (e) amount of the invoice, and (f) number of days that NFP has failed to pay the invoice.

15. At the time of filing this Complaint, there have been 48 transactions between Rahal and NFP for which NFP has failed to pay. At the time of filing this complaint, the total amount of the unpaid invoices is $1,371,457.54.[1]

16. At no time during the 120-day period after NFP received the Rahal invoices on Exhibit 1 did it ever object to the amounts in those invoices.

17. Additionally, NFP has acknowledged that it owes the invoices on Exhibit 1 by making small payments toward them. Specifically, since November 2022, NFP has made four payments to Rahal totaling $28,776.64.

18. Despite Rahal making numerous demands that NFP pay the invoices in full, NFP has failed to do so.

19. NFP's failure and refusal to pay the Rahal invoices has caused, and will continue to cause, Rahal damages. Among other things, Rahal has lost the time-value of the money NFP owes it. Additionally, by NFP failing to pay its debt, Rahal is financing NFP's purchases and, in doing so, incurs interest on NFP's debt at an annual rate of approximately seven per cent (7%).

## COUNT I
### (Account Stated)

20. Rahal incorporates by reference and realleges paragraphs 1 through 19 above as though fully stated herein.

21. Rahal issued the invoices on Exhibit 1 to NFP on the dates and in the amounts set forth on Exhibit 1.

---

[1] If past is prologue, Rahal anticipates that it will be supplementing Exhibit 1 during the pendency of this case as more unpaid invoices exceed 120 days.

22. NFP received the Rahal shipments on or about the dates set forth on Exhibit 1.

23. At no time after receipt of the shipments on Exhibit 1, including the 15-day period to make claims against a shipment, did NFP ever make any such claims.

24. NFP's receipt and retention of the invoices on Exhibit 1 -- without objecting to or disputing the invoice amounts within a reasonable time, including 120 days -- constitutes an account stated for each invoice amount on Exhibit 1.

25. Therefore, based on the accounts stated in Exhibit 1, NFP owes Rahal $1,371,457.54, less any partial payments NFP has made.

WHEREFORE, Rahal prays for the following relief:

(a) a judgment against NFP in the amount of $1,371,457.54, including the interest Rahal pays its lender for carrying NFP's debt on its books more than 120 days, less any partial payments made by NFP;
(b) statutory interest at a rate of five percent (5%) per annum pursuant to 815 ILCS 205/2;
(c) the costs of this action; and,
(d) any other relief the Court deems reasonable.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury on all triable issues.

Respectfully submitted,

By: /s/ Charles Chejfec
Attorney for Plaintiff

Charles Chejfec
The Law Offices of Charles Chejfec
316 W. Roosevelt Rd., Suite 100
Wheaton, Illinois 60137
(630) 251-3035
Charles@Chejfeclaw.com