IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RAHAL INTERNATIONAL, INC., an Illinois Corporation, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 1:23-cv-4784 |
| v. | ) ) | The Honorable Martha M. Pacold |
| NATIONAL FRUIT PRODUCT COMPANY, INCORPORATED, a Virginia Corporation, | ) ) ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION FOR SANCTIONS AGAINST PLAINTIFF'S COUNSEL FOR FAILURE TO APPEAR AT A DULY NOTICED DEPOSITION**

Defendant, National Fruit Product Company, Inc. ("National Fruit"), by its attorneys, Lynda Van Davis-Greenstone, Glenloch Legal, PLC, *of counsel*, respectfully moves this Court pursuant to **Federal Rule of Civil Procedure 30(d)(2)** and **Rule 37(d)** for sanctions against **Charles Chejfec**, counsel for Plaintiff, Rahal International, Inc. ("Rahal"), for failing to appear at a properly noticed deposition by Plaintiff without justification or advance notice, and in support states:

1. Pursuant to tMarch 22, 2025, Court Order, the depositions of Kelly Spitzer and Stewart Brondstater were required to proceed on May 7, 2025.

2. On March 24, 2025, Plaintiff served a Notice of Deposition on Defendant pursuant to Fed. R. Civ. P. 30, setting the deposition of Kelly Spitzer for May 7, 2025, at 9:00 am at 915 Hager Rd, Suite 110, Oak Brook, IL 60523. Exhibit 1.

1

3. On March 24, 2025, Plaintiff served a Notice of Deposition on Defendant pursuant to Fed. R. Civ. P. 30, setting the deposition of Stewart Brondstater for May 7, 2025, at 1:00 pm, at 915 Hager Rd., Suite 110, Oak Brook, IL 60523. Exhibit 2.

4. On March 24, 2025, Plaintiff served a Notice of Deposition on Defendant pursuant to Fed. R. Civ. P. 30, setting the deposition of National Fruit's 30(b)(6) Witness for March 5, 2025, at 9:00 am, at 915 Harger Rd., Suite 110, Oak Brook, IL 60523. Exhibit 3.

5. On March 24, 2025, Plaintiff served a Notice of Deposition on Defendant pursuant to Fed. R. Civ. P. 30, setting the deposition of David Gum for May 6, 2025, at 9:00 am, at 915 Harger Rd., Suite 110, Oak Brook, IL 60523. Exhibit 4

6. The notices were served on all parties, and no objection or motion for protective order was filed by Defendant or Defendant's counsel.

7. On May 1, 2025, counsel for National Fruit identified David Gum as National Fruit's Rule 30(b)(6) witness via email to counsel for Rahal. Exhibit 5, at 5.

8. On May 2, 2025, after a few email exchanges, the Parties agreed that David Gum's deposition would commence on Tuesday, May 6, 2025, at 9:00 am, at 915 Harger Rd., Suite 110, Oak Brook, IL 60523. Exhibit 5, at 1.

9. On May 4, 2025, Mr. Gum notified counsel for National Fruit that his 90-year-old mother had been admitted to the hospital. At that time, Mr. Gum believed he would travel the following day to Illinois from Winchester, VA.

10. On May 5, 2025, after landing in Chicago, IL, on an early morning flight from New Orleans, LA, counsel for National Fruit learned that Mr. Gum's mother remained in the hospital, in the Intensive Care Unit, and that Mr. Gum would not be able to travel from

Winchester, VA, to Oak Brook, IL, for his deposition scheduled for the following day.

Exhibit 6.

11. On May 5, 2025, at 11:40 am, counsel for National Fruit contacted counsel for Rahal via email stating the following:

> Good afternoon Chuck,
>
> I just arrived at my hotel in Oak Brook, Illinois. Unfortunately, David Gum's assistant just informed me that David's 90-year-old mother was admitted to the hospital on Sunday and remains in the Intensive Care Unit. I don't expect David to travel tomorrow in light of this news.
>
> Please let me know if you want to proceed with the Kelly Spitzer and Stewart Brondstater depositions on May 7, 2025.
>
> Thank you.

Exhibit 7.

12. On May 5, 2025, at 4:02 pm, counsel for Rahal replied with the following email:

> I'm going to take the 30(b)(6) deposition first. Let me know if Mr. Gum is available Wednesday, Thursday, or Friday. Alternatively, let me know if Ms. Spitzer, Mr. Brondstater, or both can serve as the corporate representative(s) on Wednesday and/or Thursday.

Exhibit 8, at 1.

13. On May 5, 2025, at 4:09 pm, counsel for National Fruit replied with the following email:

> Hi Chuck,
>
> Unfortunately, I cannot provide an estimate of when David Gum will be available. David is his mother's primary caregiver and holder of medical directives.
>
> Kelly nor Stewart can serve as the 30(b)(6) witness.
>
> I suspected that you would want to proceed with David Gum first, so I just sent over a draft motion to reschedule the depositions. Trust me, I would love to accomplish something in this case now that I am in Illinois.
>
> Please let me know if you have an objection to rescheduling. I am open to using the same dates we have on the books – just rearrange the witnesses.

> I have tried to call you several times to discuss this matter. Feel free to call me at 703.488.0693 if you are available.

Exhibit 9.

14. On May 5, 2025, at 4:37 pm, counsel for Rahal replied with the following email:

> I'm sorry about Mr. Gum's circumstances but because Mr. Gum's availability is currently unknown, Defendant will have to designate someone else to serve as the Rule 30(b)(6) representative. Mr. Gum's unavailability cannot hold up this case, and under Rule 30(b)(6), anyone (even a nonemployee) can serve as a corporate representative. I don't have an objection to continuing the 30(b)(6) deposition, but I do object to waiting until July 11 to provide a new deposition schedule, as your motion requests. We need to agree on new deposition dates and put those into your motion. Let me know when I can take the 30(b)(6) deposition of NFP this month, and new dates for Ms. Spitzer and Mr. Brondstater.

Exhibit 10.

15. On May 5, 2025, at 4:47 pm, counsel for National Fruit replied with the following email:

> Hi Chuck,
>
> That is a reasonable request. Let me see if I can get David's assistant on the line, and I will try to provide some new dates by tomorrow afternoon to include in my motion.
>
> In the meantime, I will notify Stewart and Kelly not to travel to Chicago on Wednesday morning.
>
> Please let me know if you object to my telling them not to travel to Chicago this week.

Exhibit 11.

16. Counsel for Rahal never responded to the email sent on May 5, 2025, at 4:47 pm., as to whether the depositions of Ms. Spitzer and Mr. Brondstater were canceled. At the risk of repetition, but for the sake of clarity, the Court's March 22, 2025, order required that those depositions go forward on May 7, 2025.

17. On May 5, 2025, counsel for National Fruit tried to contact counsel for Rahal via telephone to no avail. Exhibit 12.

18. By the close of business on May 5, 2025, counsel for National Fruit understood that counsel for Rahal had no objection to National Fruit requesting leave of Court to reschedule Mr. Gum's deposition. However, counsel for National Fruit was unclear whether the depositions of Kelly Spitzer and Stewart Brondstater would proceed according to the Court's order.

19. Counsel for National Fruit arranged to fly back to New Orleans, since counsel for Rahal did not respond to any calls or emails regarding the status of Ms. Spitzer's and Mr. Brondstater's depositions. Exhibit 13.

20. With no response from counsel for Rahal, on May 6, 2025, at 4:22 pm, counsel for National Fruit sent the following email:

> Greetings Chuck,
>
> I am reaching out to confirm that we are proceeding with the depositions of Kelly Spitzer and Stewart Brondstater tomorrow morning at 9am.
>
> Please confirm by reply email.
>
> I will follow up on this email with a phone call shortly.

Exhibit 14, at 3.

21. On May 6, 2025, at 4:39 pm, counsel for Rahal replied with the following email:

> As I said yesterday, I'm taking the 30(b)(6) first so their deps will follow it. When is Mr. Gum available next week?

Exhibit 14, at 2.

22. On May 6, 2025, at 6:08 pm, counsel for National Fruit sent the following email:

> Hi Chuck,
>
> I just filed a motion requesting that the Court reschedule David Gum's deposition within the next 30 days, at a date and time convenient for the parties.
>
> I have been waiting to hear from you regarding the status of all three depositions scheduled for this week. I have called you several times and received no response.

> I am prepared to attend the depositions tomorrow with Kelly and Stewart.
>
> If you would like to reschedule all three depositions to allow you to depose David Gum first (my 30(b)(6) witness), we will need to obtain approval from the Court. I am willing to join this motion.
>
> Please let me know how you would like to move forward.
>
> Thank you.

Exhibit 14, at 1.

23. Without new dates from Mr. Gum regarding his availability, and no reasonable cause to support a request from Defendant for a continuance of the depositions of Ms. Spitzer and Mr. Brondstater, counsel for National Fruit edited the Motion for Leave to Reschedule the Deposition of David Gum.

24. Due to a persistent and ongoing failure to communicate clearly and in good faith, counsel for Rahal placed National Fruit's counsel and the defendant's deponents in an untenable situation where they had to choose between ambiguous emails from opposing counsel regarding the status of the depositions or complying with the court's order to appear on May 7, 2025.

25. Having previously received a threat from plaintiff's counsel to seek sanctions against counsel for National Fruit and its deponents, counsel for National Fruit opted to avoid the risk and chose to appear for the noticed and court ordered depositions.

26. Counsel for Rahal failed to communicate clearly, despite multiple requests for clarification from counsel for National Fruit. Moreover, counsel for National Fruit indicated that the Defendant's deponents were undertaking lengthy travel to appear, as per the Court's order.

27. On May 6, 2025, at 5:15 pm, counsel for National Fruit filed a Motion for Leave of Court to Reschedule the Deposition of David Gum. Docket Number 83.

28. On May 6, 2025, at 6:08 pm, co-counsel for National Fruit sent the following email:

    > Chuck,
    > At this point in the day, logistics travel trains have engaged, and all parties are either en route or already in Chicago. We cannot delay the depositions of National Fruit employees Stewart and Kelly. We will conduct the depositions for Stewart and Kelly tomorrow AM per the court order.
    >
    > All the Best,
    > Tom

    Exhibit 14, at 1.

29. After receiving electronic notice of Defendant's Motion for Leave to Reschedule David Gum's Deposition, phone calls, and multiple emails, counsel for Rahal failed to email or call counsel for National Fruit to address the status of Ms. Spitzer and Mr. Brondstater's depositions.

30. On May 6, 2025, counsel for National Fruit purchased a new flight to return to Chicago for the depositions scheduled for May 7, 2025. Exhibit 15.

31. On May 6, 2025, counsel for National Fruit instructed Ms. Spitzer and Mr. Brondstater to travel from Virginia to Illinois for their depositions.

32. Rather than reaching out to counsel for National Fruit via email or telephone to arrange new dates, counsel for Rahal filed a response to Defendant's Motion for Leave to Reschedule the Deposition of David Gum at midnight on May 6, 2025. Docket Number 84.

33. Plaintiff's reply motion addresses only the circumstances leading to the rescheduling of Mr. Gum's deposition and does not provide adequate justification for continuing the depositions of Ms. Spitzer and Mr. Brondstater.

34. On May 7, 2025, at 8:47 am, counsel for National Fruit sent the following email:

    > Good morning Chuck,

7

> I am en route to your office. I should make it there by 9:00am but I may be just a few minutes late. I just wanted to confirm that I am on my way. Thank you.

See Exhibit 16.

35. On May 7, 2025, around 9:30 a.m., counsel for National Fruit arrived at 915 Hager Rd, Suite 110, Oak Brook, IL. A gentleman who identified himself as Paul Rahal reported that counsel for Rahal had cancelled the depositions.

36. Counsel for National Fruit attempted to reach counsel for Rahal by telephone, to no avail. Exhibit 17.

37. Counsel for National Fruit made reasonable efforts to contact counsel for Rahal before the deposition day, but no response or explanation was provided at that time.

38. A straightforward phone call from counsel for Rahal to counsel for National Fruit, or if counsel for Rahal had answered phone calls, between May 5 and May 7, would have avoided this wasted time and expense.

39. As of the filing of this Motion, counsel for Rahal has yet to provide adequate justification for continuing the depositions of Ms. Spitzer and Mr. Brondstater, other than "As I said yesterday, I'm taking the 30(b)(6) first so their deps will follow it. When is Mr. Gum available next week?" Exhibit 14, at 2.

40. Under Fed. R. Civ. P. 30(d)(2), the Court may impose sanctions against a person who impedes, delays, or frustrates the fair examination of a deponent. Further, Rule 37(d)(1)(A)(i) permits the Court to order sanctions if a party or its attorney fails to appear for a properly noticed deposition.

41. Sanctions may include reasonable expenses and attorney's fees caused by the failure, and other appropriate relief as the Court deems.

8

42. The failure of counsel for Rahal to appear at a duly-noticed and court-ordered deposition without advance notice or subsequent explanation has resulted in unnecessary delays and expenses. Defendant's deponents, Ms. Spitzer, Mr. Brondstater, and counsel for National Fruit incurred costs for travel, lost time, and preparation expenses.

43. While counsel for National Fruit traveled to Chicago by air, Ms. Spitzer and Mr. Brondstater drove overnight, 10 hours straight, to appear for their depositions on May 7, 2025.

44. The conduct of counsel for Rahal is sanctionable under the Federal Rules and warrants an award of attorney's fees and costs, as well as any additional remedy the Court deems just and proper to deter similar conduct.

45. Defendant respectfully requests that the Court enter an order compelling all future depositions to be conducted via video conference at a specific date and time selected by the parties; awarding Defendant reasonable expenses and attorney's fees incurred in connection with the failed depositions and the preparation of this motion; and issuing any further sanctions or relief that the Court deems appropriate.

WHEREFORE, Defendant respectfully requests that the Court impose sanctions against Counsel for Rahal and grant the parties leave to reschedule the cancelled depositions and submit a comprehensive deposition schedule in a Joint Status Report on May 30, 2025.

NATIONAL FRUIT PRODUCT COMPANY

By: /s/ Lynda Van Davis-Greenstone
Lynda Van Davis-Greenstone, Pro Hac Vice
GLENLOCH LEGAL, PLC
119 Creekside Lane
Winchester, VA 22602
Telephone: (540) 692-9790
Greenstone@glenlochlegal.com

9

Steven Malitz
SAUL EWING, LLP
161 North Clark Street, Suite 4200
Chicago, IL 60601
Telephone: (312) 876-7100
steven.malitz@saul.com

Counsels for Defendant

10

**CERTIFICATE OF SERVICE**

      I hereby certify that on May 9, 2025, I electronically filed the foregoing motion with the Clerk of the Court for the United States Northern District of Illinois by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that the service will be accomplished by the CM/ECF system.

                                                   /s/ Lynda Van Davis-Greenstone